# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

LITTLETON PRICE,

    Plaintiff,

v.                                No. 2:16-cv-02649-JTF-cgc

FIRST BANC MORTGAGE, INC., ET. AL,

    Defendants.

## REPORT AND RECOMMENDATION GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

Before the Court, by way of Administrative Order 2013-05,[1] are three motions to dismiss brought by each of the Defendants. (Docket Entries ("D.E.") #81, #82, #86). Each motion to dismiss alleges that the action should be dismissed pursuant to the doctrine of *res judicata*. Because the Court recommends that the doctrine of *res judicata* would be controlling in this case, the Court will refer to these motions collectively as "Defendants' Motions to Dismiss."

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

This cause of action arises from a loan obtained by Plaintiff from Defendant First Banc Mortgage, Inc. ("First Banc") in 2003 in the amount of $142,375 secured by a deed of trust on a property located in Memphis, Tennessee. By the terms of the agreement, the deed of trust was freely assignable by the grantee and was so assigned later in 2003 to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Subsequently, the deed of trust was assigned to BNY Mellon in 2011. After Plaintiff defaulted on the loan, a foreclosure sale was conducted by BNY Mellon, and BNY Mellon received a Substitute Trustee's Deed vesting title of the Memphis property in BNY Mellon. Plaintiff states numerous allegations against Defendants, all in relation to the assignment of the aforementioned deed of trust and the subsequent foreclosure, in his Complaint including, but not limited to, securities fraud, fraud by concealment, and lack of standing to foreclose.

Each Defendant subsequently filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil procedure asserting that Plaintiff's Complaint "fail[s] to state a claim for which relief can be granted." Defendants' argue that all matters relating to the assignment of the deed of trust and the foreclosure of the Memphis property have already been adjudicated in both Tennessee state court, *The Bank of New York Mellon v. Littleton Price*, No. CT-000856-14 (Jan. 22, 2015), filed as Exhibit 86-3, and in this Court, *see Littleton Price v. Recontrust Co., N.A.,* No. 2:12-cv-02170-JTF-cgc (W.D. Tenn. Feb. 19, 2013), filed as Exhibit 86-2. Both Plaintiff's prior claims in federal court and Plaintiff's prior counterclaims in state court were dismissed with prejudice. *See id.* For the reasons set forth herein, it is recommended the Defendants' Motions to Dismiss be GRANTED.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a pleading may be dismissed if it "fail[s] to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive

such dismissal, the complaint must include enough factual allegations to "raise a right to relief above a speculative level". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Sixth Circuit has stated that "the Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. Appx. 573, 574 (6th Cir. 2003). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

The doctrine of *res judicata* bars an individual from bringing a lawsuit if there has previously been a final judgment rendered by a court of competent jurisdiction arising out of the same facts. The Sixth Circuit has adopted a four-part test to determine whether a subsequent action is barred by *res judicata*. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). The four elements of *res judicata* are "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* If a court finds all of these elements present in the matter before it, then the Plaintiff is barred from bringing suit and the cause of action shall be dismissed. Furthermore, "if an individual is precluded from litigating a suit in a state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1986).

In this case, Plaintiff's claims arise out of the same set of facts giving rise to cases that have been litigated in two courts─one federal and one state─and in which final judgments have been

rendered. Plaintiff's federal court case was heard in this Court. *See Littleton Price v. Recontrust Co., N.A.,* No. 2:12-cv-02170-JTF-cgc (W.D. Tenn. Feb. 19, 2013), filed as Exhibit 86-2. In that case, Plaintiff brought a cause of action alleging Defendant BNY Mellon asserting that they had no right to institute foreclosure proceedings. This Court dismissed Plaintiff's cause of action with prejudice. *See id.* Thereafter, BNY Mellon brought a cause of action against Plaintiff in state court in Tennessee to obtain a writ of possession on the Memphis property and Plaintiff brought a counterclaim alleging wrongful foreclosure. *See The Bank of New York Mellon v. Littleton Price*, No. CT-000856-14 (Jan. 22, 2015). The state court granted BNY Mellon the writ of possession with respect to the Memphis property and dismissed Plaintiff's counterclaim with prejudice. *See id*.

Applying the four-part test laid out in *Rawe*, both the federal court case and the state court case were adjudicated by courts of competent jurisdiction. Both dismissals constituted a final judgment. The cause of action before the Court now involves the same parties— BNY Mellon and their privies, First Banc and MERS. This case involves the same issues raised in Plaintiff's prior actions or issues that should have been litigated in those actions, and the identity of the causes of action arise out of the same foreclosure proceedings on the Memphis property. Accordingly, it is recommended Plaintiff is barred from bringing this cause of action under the doctrine of *res judicata*.

For the reasons set forth herein, it is recommended that Defendants' Motions to Dismiss be GRANTED.

Signed this 12th day of December, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**