IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **LITTLETON PRICE.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-2649-JTF-cgc |
| | ) | |
| | ) | |
| **FIRST BANK MORTGAGE, INC.,** | ) | |
| *d/b/a* | ) | |
| **FIRST BANC HOME MORTGAGE, INC.,** | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.,** | ) | |
| *a/k/a* **MERS,** | ) | |
| **COUNTRYWIDE HOME LOANS,** *d/b/a* | ) | |
| **BANK OF AMERICA HOME LOANS,** | ) | |
| **BANK OF NEW YORK,** *as trustee for* | ) | |
| *securitize trust countrywide ABS 2003-2*, and | ) | |
| **WILSON & ASSOCIATES PLLC**, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION RE [81] MOTION TO DISMISS, AND MOTIONS
TO DISMISS FOR FAILURE TO STATE A CLAIM, [82] AND [86], AND ORDER
GRANTING [88] MOTION TO DISMISS AND DISMISSING CASE WITH PREJUDICE**
_____

On July 10, 2015, Plaintiff Littleton Price, proceeding *pro se*, filed a complaint for damages and an application for injunctive and declaratory relief in the United States District Court for the Southern District of New York. The complaint alleged, *inter alia*, securities fraud in reference to a mortgage loan in violation of 15 U.S.C. §§ 77a-77m and 15 U.S.C. § 78a. (ECF No. 1). On August 9, 2016, the case was transferred to this district. (ECF No. 73). On September 1, 2016, Defendants, Countrywide Home Loan and Mortgage Electronic Registration

1

Systems, Inc., ("MERS"), filed a Motion to Dismiss. (ECF No. 81).  Similarly, on September 12, 2016, Defendant Bank of New York Mellon, (f/k/a Bank of New York), and on October 5, 2016, Defendant Wilson and Associates, PLLC filed Motions to Dismiss. (ECF Nos. 82 and 86). The matter was referred to the Magistrate Judge for report and recommendation or determination of all pretrial matters pursuant to 28 U.S.C. §§ 631-639. On December 12, 2016, the Magistrate Judge issued a Report and Recommendation that the Court grant all of the Defendants' motions to dismiss under the doctrine of *res judicata* to which the Plaintiff filed objections on December 28, 2016.  (ECF Nos. 87 and 89).  On January 11, 2017, Bank of New York Mellon, f/k/a, The Bank of New York filed a Response to Plaintiff's Objections to the Magistrate Judge's report and recommendation. (ECF No. 90).

On December 23, 2016, Defendant First Bank Mortgage, Inc. filed a Motion to Dismiss that the Court will address without referral to the Magistrate Judge. (ECF No. 88). Pursuant to LR 12.1, the time allowed for responding to First Bank Mortgage's motion to dismiss has expired. To date, Plaintiff has not filed his response in opposition to the motion.

For the following reasons, the Court finds the Magistrate Judge's report and recommendation, ECF No. 87, should be adopted, Plaintiff's Objections thereto overruled, and all of the motions to dismiss should be Granted.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United

States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

Any party who disagrees with a Magistrate Judge's recommendation must file written objections to the report and recommendation. *Thomas*, 474 U.S. at 142; Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C) and LR 72.1(g)(2). When a party fails to timely object to a Magistrate Judge's recommended decision, it waives any right to further judicial review of that decision. *Id.* at 149 n.7, and *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Therefore, a District Judge should adopt the findings and rulings of the Magistrate Judge to which a specific objection is not filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014). "Pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed. . . . Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation offers proposed findings of fact in reference to the motions to dismiss filed by Defendants, Countrywide Home Loan and MERS, Defendant Bank of New York and Defendant Wilson and Associates, PLLC. (ECF No. 87, pp. 2-4). As noted, Plaintiff filed objections on December 28, 2016. (ECF No. 89, p. 1). However,

the Court finds Plaintiff's objections fail to address the factual findings of the report and recommendation. *Arn,* 474 U.S. at 148. As such, the Court adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. ANALYSIS

### A. Motions Addressed in the Report and Recommendation (ECF No. 81, 82 & 86)

In the report and recommendation, the Magistrate Judge recommended that the Court grant the Defendants' Countrywide Home Loan and MERS, Defendant Bank of New York, and Defendant Wilson and Associates, PLLC's motions to dismiss based on the doctrine of *res judicata*. Applying the four-part test of *Rawe*, the Magistrate Judge determined that these claims arise under the same set of facts, involve the same parties, and have been previously litigated in both a federal and state court action wherein both courts reached a final determination. *See Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006). The Magistrate Judge concluded that this action is barred by *res judicata*. (ECF No. 87). *See Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1986). The Court agrees.

On February 29, 2012, Plaintiff filed a prior action in this Court against the Defendants ReconTrust Company, N.A. and Bank of New York Mellon ("BNYM") in reference to the mortgage loan and pending foreclosure of his property located at 4810 East Shore Drive, Memphis, Tennessee. *See Price v. ReconTrust Company, N.A. et al,* Case No. 2:12-cv-2170-JTF-cgc. At the time, BNYM was the mortgage lender or holder of the loan on the real property at issue, while ReconTrust was the substitute trustee of Plaintiff's deed of trust. (Case No. 12-cv-2170, ECF No. 1, ¶¶ 1-4). Plaintiff alleged claims of fraud, breach of contract and fiduciary duty, and requested that the Court set aside the foreclosure action. He also claimed that the loan

agreement failed for lack of consideration, having been secured by Federal Reserve notes which he claimed "[were] not money by law." (ECF No. 1, p. 7). On February 19, 2013, the undersigned Court granted the Defendants' Rule 12(b)(6) motion to dismiss. Reviewed under the lenient standards allowed *pro se* complaints, the Court concluded that the complaint failed to adequately allege fraud or breach of contract against the Defendants pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6). (ECF No. 12).

On February 26, 2014, Bank of New York Mellon, filed an action in the Circuit court of Shelby County, Tennessee for the Thirtieth Judicial District against Littleton Price.[1] Following a non-jury trial, the Court entered a final judgment for Plaintiff on January 22, 2015, finding that Defendant Price had executed and defaulted on a mortgage loan on the East Shore property. The loan had been secured by a deed of trust properly owned by the Plaintiff. The Court found that following the foreclosure proceeding, the deed of trust was properly held by the substitute trustee. The Court also determined that Defendant's counterclaims regarding the assignment of the deed of trust and the foreclosure proceeding were barred by *res judicata* based on the federal court case. (ECF No. 86-3).

In its response to Plaintiff's objections to the Magistrate Judge's recommendations, Bank of New York Mellon summarized Plaintiff's objections as frivolous assertions regarding his constitutional right to a jury trial, that his mortgage violates Article I of the Constitution, and a third attempt to contest his prior mortgage and deed of trust. (ECF No. 90, p. 2). The Court agrees. Plaintiff has failed to submit any specific objections to the Magistrate Judge's report and recommendation to grant the Defendants' motions to dismiss. Therefore, the Court adopts the Magistrate Judge's recommendation to grant Defendants' motions, ECF Nos. 81, 82 and 86, to

---

[1] Case No. CT-000856-14, *Bank of New York Mellon v. Littleton Price.*

dismiss. [2]

**B. <u>First Bank's Motion to Dismiss</u>** (ECF No. 88)

<u>Rule 12(b)(1) Legal Standard</u>

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) falls into two categories, facial attacks and factual attacks. A facial attack is a challenge to the sufficiency of the pleading itself. Regarding these motions, the court must take all the material allegations within the petition as true and construe them in the light most favorable to the nonmoving party. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On the other hand, a factual attack challenges the factual existence of subject matter jurisdiction wherein no presumption of truthfulness applies. Id. "The *res judicata* effect of a 12(b)(1) motion is . . .limited to the jurisdictional issue." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 225(199).

<u>Rule 12(b)(6) Legal Standard</u>

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v.*

---

[2] It should be noted that on February 2, 2016, The Honorable Vernon S. Broderick, presiding Judge over the action filed in SDNY ordered the Plaintiff to file an opposing brief in response to the motions to dismiss or alternatively to transfer filed by Defendants Bank of New York and First Banc Mortgage, Inc., ECF No. 32, and Defendants Countrywide Home Loans and MERS, (ECF No. 41), by February 17, 2016, or the motions would granted as unopposed. (ECF No. 57). First Banc Mortgage had also filed a motion to dismiss that was inadvertently not included in the record. The motion was subsequently cured and later added in the motions for consideration by the Court. (ECF Nos. 36, 60 and 61). On August 2, 2016, Judge Broderick entered an Order transferring the case to the Western District of Tennessee for judicial economy, finding that Plaintiff resides in Tennessee, the WDTN is more convenient, the events underlying the action all occurred in Tennessee including the loan origination. (ECF No. 72). The Clerk of Court for the SDNY terminated the motions and the Defendants subsequently renewed them by filing all new motions to dismiss.

*Dickson Cnty*., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. *Brown v. City of Memphis*, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Twombly*, 550 U.S. at 570. If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal,* 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) *quoting Twombly*, 550 U.S. at 555. A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*."* *Iqbal*, 556 U.S. at 678 (citing *Twombly¸* 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When deciding a 12(b)(6) motion to dismiss, the Court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) *quoting Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001).

Analysis

On December 23, 2016, First Bank, d/b/a First Bank Mortgage, and successor to First

Banc Mortgage, Inc., filed a Motion to Dismiss alleging that Plaintiff has failed to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 88). Specifically, First Bank asserts that Plaintiff's complaint fails to assert any actionable claims because: 1) Plaintiff lacks standing under the *Rooker-Feldman* doctrine; 2) he has failed to allege an injury in fact; 3) the claims are barred by *res judicata* and collateral estoppel as they have either been or should have been resolved in the prior state foreclosure or detainer actions and federal court action;[3] 4) the claims regarding the loan assignment are barred by the applicable statute of limitations or repose; and finally, 5) all of the claims fail as a matter of law. (ECF No. 88).

*Res Judicata*

The Court finds the same analysis regarding *res judicata* applied by the Magistrate Judge and adopted by this Court in reference to the other motions is applicable to First Bank of New York. Similar to the other named Defendants, First Bank was also a party in the prior two actions and the facts underlying this action are the same facts and issues, the foreclosure of his property, that were presented those actions with each ending in final and valid decisions on the merits. *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 F. Appx. 994, 999 (6th Cir. 2009); *Malone v. Mortgage Electronic Registration Systems, Inc.*, No. 3:13-01150, 2014 WL 1350503, *2 (M.D. Tenn. Apr. 3, 2014); and *Rawe*, 462 F.3d at 529. Thus, *res judicata* bars this action against First Bank of New York.

*Standing*

Moreover, First Bank, as substitute trustee following the foreclosure, was deemed in

---

[3] *Littleton Price v. ReconTrust Co., N.A., et al.,* Case No. 12-cv-2170-cgc and *Bank of New York Mellon v. Littleton Price and/ or Current Occupants* of 4810 *East Shore Drive, Memphis, TN 38109*, No.: CT-000856-14, Division 9 (Circuit Court Action).

proper possession of the deed of trust and mortgage note by the Shelby County, Tennessee Circuit Court. Plaintiff has no standing to challenge the subsequent holder of the note after his default on the loan. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir.2010); *Moore v. Carrington Mortg. Services*, No. 12-3098, 2013 WL 2458720, at *13 (W.D. Tenn. June 6, 2013) and *Gibson v. Mortgage Electronic Registration Systems*, Inc., No. 11-2173, 2012 WL 1601313 (W.D. Tenn. May, 7, 2012). "Under Tennessee law, the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument." *Id*. at *4. Accordingly, First Bank's argument that because Plaintiff has been divested of the property based on his default and the subsequent foreclosure, Plaintiff's claim does not fall within the zone of interest of his claims and as such, he lacks standing in this action. "To establish Article standing, a litigant must show 1) an injury in fact; 2) a causal connection between the injury and the conduct complained of; and; 3) that the injury will be redressed by a favorable decision. *Cruz v. Capital One, N.A.,* No. 15-13543, 2016 WL 351121, at *4 (E.D. Mich., June 28, 2016). In this case, loss of property was due to Plaintiff's admitted default on the mortgage loan, and not due to any conduct on the part of First Bank of New York. Because the property has been foreclosed, action by this Court to "redress the injury" is unwarranted.

Slander of Title Argument/Fraud Claim

The slander of title argument also fails, as a plaintiff must show: 1) he has an interest in the property; 2) defendant published false statements about the title of the property; 3) the defendant was acting maliciously, and 4) the false statement proximately caused the plaintiff a pecuniary loss. *Thompson v. Bank of America, N.A.,* 773 F.3d 741, 754 (6th Cir. 2014). To

9

prevail on a "fraudulent inducement claim, the plaintiff must prove that the defendant: (1) made a false statement concerning a fact material to the transaction; 2) with knowledge of the statement's falsity or utter disregard for its truth; 3) with the intent of inducing reliance on the statement; 4) that the plaintiff reasonably relied on the statement; and 5) the reliance resulted in an injury. *Id*. at 752. As noted by the undersigned Court in the previously-filed federal case and in the Magistrate Judge's report and recommendation, Plaintiff's complaint fails to adequately allege a fraud claim in accordance with Fed. R. Civ. P. 9(b). Moreover, these issues were appropriately addressed in the prior cases. In the prior federal court proceeding, the Court ruled that Plaintiff's fraud claim did not comply with the Fed. R. Civ. P. 9(b), the complaint failed to identify any false statements made by the Defendant, nor did it allege the elements of a fraud claim based on a failure or a duty to disclose. (See *Littleton Price v. ReContrust Co., N.A, et al*, Case No. 2:12-cv-2170-JTF-cgc, ECF No. 12, pp. 12-13). Again, both Plaintiff and Bank of New York were parties to that lawsuit, thereby barring the Court from revisiting these issues in a subsequent action.

### *The Statute of Limitations Defense*

The Defendant First Bank's statute of limitations argument also has merit. First Bank asserts that the loan was assumed by Countywide Home Loans and recorded on March 15, 2004. First Bank asserts that it has since had no involvement or interest in Plaintiff's loan and mortgage since April 2003, the origination of the $142,375.00 mortgage loan. (ECF No. 88, p. 6 and ECF No. 1-2, pp. 19, 22). Regarding Plaintiff's fraud or misrepresentation claims, a three-year statute of limitations would apply. Regarding Plaintiff's claims that he was fraudulently induced to enter into an exploitative adjustable-rate-mortgage, Tennessee's ten-year catchall statute of

limitations period applies. *Humphreys v. Bank of America*, 557 Fed. Appx. 416, 422 (6th Cir. 2014) and *Coleman v. Wells-Fargo Bank, N.A.*, No. 3:15-cv-00842, 2016 WL 6900729, *6 (M.D. Tenn. Nov. 21, 2016). Plaintiff filed the instant complaint in the Southern District of New York on July 10, 2015, twelve years past the date of the loan's origination and eleven years after the assignment to Countywide. (ECF No. 1). Therefore, all of Plaintiff's claims are barred by the applicable statutes of limitations.

In this case, Plaintiff admittedly defaulted on the loan in the Circuit Court for Shelby County, Tennessee, thereby causing his loss. Furthermore, Plaintiff has failed to respond to any of the motions to dismiss prior to the transfer or since the renewed motions have been filed before this Court.

## **CONCLUSION**

Upon a *de novo* review of the Magistrate Judge's Report and Recommendation, the parties' motions to dismiss, and the previously filed cases, the Magistrate Judge's report and recommendation, ECF No. 87, is adopted in full. Further, the Defendant First Bank's Motion to Dismiss is Granted. (ECF Nos. 81, 82, 86, and 88).

Accordingly, the case is ordered Dismissed with Prejudice.

**IT IS SO ORDERED** on this 30th day of January, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE